*E-Filed 1/12/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCIS G. HERNANDEZ,<br>　　　　　Plaintiff,<br>　　v.<br>STATE OF CALIFORNIA, et al.,<br>　　　　　Defendants. | No. C 14-4038 RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a state prisoner under sentence of death, filed this pro se civil rights complaint under 42 U.S.C. § 1983, which was transferred to this Court from the United States District Court for the District of Columbia. For the reasons stated herein, the complaint is DISMISSED, and his motion to file additional exhibits (Docket No. 9) is DENIED.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff has filed a lengthy complaint full of broad and boilerplate legal assertions. His specific claims are that (1) he has been "illegally and unconstitutionally convicted," and (2) the California capital case appellate process is constitutionally invalid and denies due process because of "extreme and abusive delays" that prevent meaningful and timely review. (Compl. at 63.) He seeks monetary damages and declarative relief. He also asks this Court to examine the current policies and practices of the state death penalty appeal process and determine whether they are in compliance with state and federal law. Plaintiff names as defendants the State of California, the Governor of California, and the Attorney General of California.

1  Plaintiff's direct appeal was denied by the California Supreme Court in *People v. Hernandez*, 47 Cal. 3d 315 (1988). It appears that all his subsequently-filed state actions are now closed.[1] He filed a federal habeas petition in the Eastern District of California (*Hernandez v. Brown*, C.D. Case No. C 90-cv-04638-RSWL), which is currently on appeal to the Ninth Circuit Court of Appeals.

The Court notes that plaintiff's complaint is substantially similar to several "form" complaints filed by death row inmates that have been frequently dismissed. *See Bolin v. State of California*, N. D. Cal. Case No. C 14-4087 PJH (dismissed for failure to state a claim and for *Younger* abstention and barred by *Heck*); *Theodore Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW (dismissed for failure to state a claim and affirmed on appeal); *Duff v. Brown*, N. D. Cal. Case No. C 12-529 EMC (dismissed for failure to state a claim and for *Younger* abstention); *Paul Bolin v. Brown*, N. D. Cal. Case No. C 12-637 PJH (transferred to Eastern District of California, which ultimately dismissed complaint under *Younger* and *Heck*, and for failure to state a claim); *Richard Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS (dismissed for failure to state a claim and pursuant to *Younger* and *Heck*); *Carlos Avena v. Brown*, C. D. Cal. Case No. 12-cv-00485-UA-DUTY (denying *in forma pauperis* application because application was incomplete and the judicial officers had immunity from the suit); *Spencer Brasure v. Brown*, C. D. Cal. Case No. 12-CV-1027-UA-DUTY (denying *in forma pauperis* application because the court lacked jurisdiction; the complaint was frivolous, malicious or failed to state a claim; and the complaint sought monetary relief from a defendant immune from such relief).

The complaint will be dismissed for the following reasons. First, to the extent that he seeks relief from his conviction and sentence, this action must be dismissed because his petition for such relief is before the federal appellate court. Allowing this section 1983

---

[1] If there were any pending state actions related to his conviction, this Court would have to abstain from adjudicating, and then dismiss, this action. *Younger v. Harris*, 401 U.S. 37, 43–54 (1971).

action to proceed would duplicate and complicate those appellate proceedings. Also, a petition for writ of habeas corpus is the appropriate method to challenge the validity or duration of incarceration, not a section 1983 action, which is the method to challenge the conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Second, damages and injunctive are barred by Supreme Court precedent. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). Plaintiff has made no showing that his conviction meets the *Heck* standard, and a judgment in his favor in this action would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. For these reasons, this federal civil rights action is DISMISSED.

## CONCLUSION

This federal civil rights action is DISMISSED. Plaintiff's motion to file additional exhibits (Docket No. 9) is DENIED as moot. The Clerk shall terminate Docket No. 9, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: January 12, 2015

_____
RICHARD SEEBORG
United States District Judge